B6 Summary (Form 6 - Summary) (12/07)

IN RE:                                                              Case No. __10-45576VK__

__Hernandez, Daniel & Hernandez, Rosalie R__                        Chapter __13__
                        Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 350,000.00 | | |
| B - Personal Property | Yes | 3 | $ 19,540.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 326,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | $ 44,770.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 4,087.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 3,688.00 |
| TOTAL | | 14 | $ 369,540.00 | $ 370,770.00 | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Case 2:10-bk-45576-ER    Doc 68 Filed 08/31/10 Entered 08/31/10 13:00:29    Desc
Main Document    Page 2 of 46

**IN RE:**                                                                    Case No. **10-45576VK**

Hernandez, Daniel & Hernandez, Rosalie R                     Chapter **13**
<div align="center">Debtor(s)</div>

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | | Amount |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | 0.00 |
| Student Loan Obligations (from Schedule F) | $ | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0.00 |
| **TOTAL** | $ | 0.00 |

**State the following:**

| | | |
|---|---|---|
| Average Income (from Schedule I, Line 16) | $ | 4,087.00 |
| Average Expenses (from Schedule J, Line 18) | $ | 3,688.00 |
| Current Monthly Income (from Form 22A Line 12; **OR,** Form 22B Line 11; **OR,** Form 22C Line 20 ) | $ | 4,877.00 |

**State the following:**

| | | | |
|---|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ | 49,500.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $        0.00 | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ | 0.00 |
| 4. Total from Schedule F | | $ | 44,770.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ | 94,270.00 |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6A (Official Form 6A) (12/07)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Single Family REsidence  at 16850 S Hoover St. Gardena CA | Fee Simple | J | 350,000.00 | 276,500.00 |
| | | TOTAL | 350,000.00 | |

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

IN RE Hernandez, Daniel & Rosa R.   Case No. 2:10-bk-45576-ER   Doc 8   Filed 08/31/10   Entered 08/31/10 15:00:29   Desc
Main Document   Page 4 of 46
(If known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | **Cash on Hand** | J | 40.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Bank of America Checking Account** | W | 100.00 |
| | | **Cahse Checking Account** | J | 700.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | **Household Goods** | J | 10,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Wearing Apparel** | J | 1,200.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE Hernandez, Daniel & Deborah R. Rosancr8    Filed 08/31/10    Entered 08/31/10 13:50:20    Desc
                                                                    Main Document    Page 5 of 46         (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2004 GMAC Envoy<br>2004 Pontiac Grand Prix | W<br>H | 4,500.00<br>3,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE Hernandez, Daniel & Hernandez, Rosana                    Case No. 2:10-bk-46576-ER Doc 8   Filed 08/31/10   Entered 08/31/10 16:02:50   Desc
                    Debtor                    Main Document       Page 6 of 46                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | TOTAL | 19,540.00 |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

_____0_____ continuation sheets attached

B6C (Official Form 6C) (04/10)

IN RE Hernandez, Daniel & Hernandez, Rosa    Case 2:10-bk-42576-ER    Doc 8    Filed 08/31/10    Entered 08/31/10 15:00:20    Desc
Debtor(s)    Main Document    Page 7 of 46    (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
(Check one box)

☐ Check if debtor claims a homestead exemption that exceeds $146,450. *

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE A - REAL PROPERTY** | | | |
| Single Family REsidence at 16850 S Hoover St. Gardena CA | CCCP § 704.730(a)(2) | 75,000.00 | 350,000.00 |
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| Cash on Hand | CCCP § 704.070 | 40.00 | 40.00 |
| Bank of America Checking Account | CCCP § 704.080 | 100.00 | 100.00 |
| Cahse Checking Account | CCCP § 704.080 | 700.00 | 700.00 |
| Household Goods | CCCP § 704.020 | 10,000.00 | 10,000.00 |
| Wearing Apparel | CCCP § 704.020 | 1,200.00 | 1,200.00 |
| 2004 GMAC Envoy | CCCP § 704.010 | 1,000.00 | 4,500.00 |
| 2004 Pontiac Grand Prix | CCCP § 704.010 | 2,550.00 | 3,000.00 |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6D (Official Form 6D) (12/07)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 2919147415 <br> Chase Home Loans <br> P.O. Box 78116 <br> Phoenix, AZ 85062 | | J | Second Deed of Trust at 16850 S. Hoover Street Gardena Ca <br><br> VALUE $ | | X | | 49,500.00 | 49,500.00 |
| ACCOUNT NO. 3010147415 <br> Chase Home Loans <br> P.O. Box 78116 <br> Phoenix, AZ 85062 | | J | First Deed of Trust at 16850 S Hoover St. Gardena Ca <br><br> VALUE $ 320,000.00 | | X | | 276,500.00 | |
| ACCOUNT NO. <br><br> VALUE $ | | | | | | | | |
| ACCOUNT NO. <br><br> VALUE $ | | | | | | | | |

____0____ continuation sheets attached

Subtotal (Total of this page) $ 326,000.00  $ 49,500.00

Total (Use only on last page) $ 326,000.00  $ 49,500.00

(Report also on Summary of Schedules.)  (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (04/10)

IN RE Hernandez, Daniel & Rosalie R          Case 2:10-bk-45570-ER    Filed 08/31/10    Entered 08/31/10 13:50:28    Desc
                                                    Main Document          Page 9 of 46                    (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ 0 continuation sheets attached

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07)

IN RE Hernandez, Daniel & Rosanna    Case No. 2:10-bk-46576-ER    Filed 08/31/10    Entered 08/31/10 13:50:20    Desc
Main Document    Page 10 of 46    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 9409<br><br>**Bank Of America**<br>**P.O. Box 15726**<br>**Wilmington, DE 19886-5726** | | H | Credit Card debt 2009 | | X | | 3,100.00 |
| ACCOUNT NO. 3909<br><br>**Best Buy**<br>**P.O. Box 60148**<br>**City Of Industry, CA 91716** | | H | Credit Card Debt 2009 | | X | | 3,400.00 |
| ACCOUNT NO. 1270<br><br>**Capital One**<br>**P.O. Box 60024**<br>**City Of Industry, CA 91716-0024** | | J | Credit Card Debt 2009 | | X | | 10,200.00 |
| ACCOUNT NO. 0453<br><br>**Card Member Services**<br>**P.O. Box 94014**<br>**Palatine, IL 60094-4014** | | W | Credit Card Debt 2009 | | X | | 1,240.00 |

_2_ continuation sheets attached

Subtotal
(Total of this page)  |$  17,940.00

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)  |$

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 3276<br>Chase Bank Card Services<br>1385 Marcus Ave<br>New Hyde Park, NY  11042 | | W | Credit Card Debt 2008 | | X | | 2,400.00 |
| ACCOUNT NO. 2100<br>Chevron<br>P.O. Box 2001<br>Concord, CA  94529 | | H | Credit Card Debt 2009 | | X | | 2,100.00 |
| ACCOUNT NO. 7376<br>First Electronic Bank<br>P.O. Box 760<br>Draper, UT  84020 | | H | Credit Card Debt 2009 | | X | | 1,300.00 |
| ACCOUNT NO. 7782<br>GE Money Bank<br>P.O Box 960061<br>Orlando, CA  32896 | | H | Credit Card debt 2008 | | X | | 110.00 |
| ACCOUNT NO. 9684<br>Home Depot Credit Services<br>P.O. Box 6028<br>The Lakes, NV  89901 | | H | Credit Card Debt 2008 | | X | | 5,600.00 |
| ACCOUNT NO. 3682<br>HSBC Retail Services<br>P.O. Box 60107<br>City Of Industry, CA  91716 | | H | Credit Card Debt 2009 | | X | | 3,100.00 |
| ACCOUNT NO. 0756<br>Pacsun<br>P.O. Box 659705<br>San Antinio, TX  78265 | | W | Credit Card Debt 2009 | | X | | 700.00 |

Sheet no. __1__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **15,310.00**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE Case 2:10-bk-46576-ER Rosa Doc 8    Filed 08/31/10    Entered 08/31/10 15:00:26    Desc
Main Document    Page 12 of 46    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 4659<br><br>Sams Club<br>P.O. Box 530942<br>Atlanta, GA  30353 | | H | Credit Card Debt 2009 | | X | | 2,320.00 |
| ACCOUNT NO. 1198<br><br>Sears Card<br>P.O. Box 6922<br>The Lakes, NV  88901 | | H | Credit Card debt 2008 | | X | | 3,500.00 |
| ACCOUNT NO. 0236<br><br>Target<br>P.O. Box 59317<br>Minneapolis, MN  55459 | | W | Credit Card debt 2008 | | X | | 5,700.00 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. ___2___ of ___2___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **11,520.00**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $ **44,770.00**

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6G (Official Form 6G) (12/07)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6H (Official Form 6H) (12/07)

IN RE Hernandez, Daniels Hernandez, Rosanna F.    Case No. 2-10-bk-43576-ER-Rosanna    Filed 08/31/10    Entered 08/31/10 13:00:00    Desc
Main Document    Page 14 of 46    (If known)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6I (Official Form 6I) (12/07)

IN RE Hernandez, Daniels Hernandez, Rosana R.          Case 2:10-bk-46576-ER  Doc 8   Filed 08/31/10   Entered 08/31/10 16:02:00   Desc
                                                                    Main Document      Page 15 of 46                          (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Married | RELATIONSHIP(S):<br>Daughter<br>Daughter | | AGE(S):<br>24<br>22 |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Machine Operator** | |
| Name of Employer | **Shenfield Manufaturing Inc.** | |
| How long employed | **3 years** | |
| Address of Employer | **9131 Glenoaks Blvd.**<br>**Sun Valley, CA  91352** | |

INCOME: (Estimate of average or projected monthly income at time case filed)

|  | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ | 3,627.00 | $ |
| 2. Estimated monthly overtime | $ | | $ |
| **3. SUBTOTAL** | $ | **3,627.00** | $ **0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and Social Security | $ | 1,040.00 | $ |
| b. Insurance | $ | | $ |
| c. Union dues | $ | | $ |
| d. Other (specify) _____ | $ | | $ |
| _____ | $ | | $ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ | **1,040.00** | $ **0.00** |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ | **2,587.00** | $ **0.00** |
| | | | |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | | $ |
| 8. Income from real property | $ | | $ |
| 9. Interest and dividends | $ | | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | | $ |
| 11. Social Security or other government assistance (Specify) _____ | $ | | $ |
| | $ | | $ |
| 12. Pension or retirement income | $ | | $ |
| 13. Other monthly income (Specify) SDI For Daughter _____ | $ | | $ 1,500.00 |
| _____ | $ | | $ |
| _____ | $ | | $ |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $ | | $ **1,500.00** |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ | **2,587.00** | $ **1,500.00** |

**16. COMBINED AVERAGE MONTHLY INCOME:** (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)

$ _____ **4,087.00**

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 2,440.00 |
|    a. Are real estate taxes included?  Yes ____  No ✓ | |
|    b. Is property insurance included?  Yes ____  No ✓ | |
| 2. Utilities: | |
|    a. Electricity and heating fuel | $ 60.00 |
|    b. Water and sewer | $ 30.00 |
|    c. Telephone | $ |
|    d. Other  Gas Co. | $ 40.00 |
| | $ |
| 3. Home maintenance (repairs and upkeep) | $ |
| 4. Food | $ 400.00 |
| 5. Clothing | $ 100.00 |
| 6. Laundry and dry cleaning | $ 35.00 |
| 7. Medical and dental expenses | $ |
| 8. Transportation (not including car payments) | $ 300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 10.00 |
| 10. Charitable contributions | $ 20.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|    a. Homeowner's or renter's | $ |
|    b. Life | $ |
|    c. Health | $ |
|    d. Auto | $ |
|    e. Other _____ | $ |
| | $ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|    (Specify) _____ | $ |
| | $ |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | |
|    a. Auto | $ |
|    b. Other  Second Deed Of Trust | $ 130.00 |
| | $ |
| 14. Alimony, maintenance, and support paid to others | $ |
| 15. Payments for support of additional dependents not living at your home | $ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ |
| 17. Other  Cell Phone | $ 56.00 |
|         Cable  T.V | $ 67.00 |
| | $ |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.    |S 3,688.00

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**

| | |
|---|---|
|    a. Average monthly income from Line 15 of Schedule I | $ 4,087.00 |
|    b. Average monthly expenses from Line 18 above | $ 3,688.00 |
|    c. Monthly net income (a. minus b.) | $ 399.00 |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B7 (Official Form 7) (04/10)

Case 2:10-bk-45576-ER   Doc 8   Filed 08/31/10   Entered 08/31/10 13:00:29   Desc
United States Bankruptcy Court
Main Document   Page 17 of 46
Central District of California

IN RE:                                                              Case No. <u>10-45576VK</u>

<u>Hernandez, Daniel & Hernandez, Rosalie R</u>                          Chapter <u>13</u>
Debtor(s)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1. Income from employment or operation of business

None ☐   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 87,613.00 | 2008 Employment Income |
| 48,500.00 | 2009 Employment Income |
| 17,000.00 | 2010 Employment Income |
| 18,430.00 | 2009 SDI Wife |
| 610.00 | 2010 SDI Wife |

---

### 2. Income other than from employment or operation of business

None ☑   State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

*Complete a. or b., as appropriate, and c.*

None ☑ *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850.* If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☑ *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☑ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 5. Repossessions, foreclosures and returns

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 6. Assignments and receiverships

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 7. Gifts

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 8. Losses

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

NAME AND ADDRESS OF PAYEE                                                          DATE OF PAYMENT, NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR    DESCRIPTION AND VALUE OF PROPERTY

Law Offices Of William A. Vallejos                                                 4/19/2010                                                                3,000.00
5430 E. Beverly Blvd. Suite 150
Los Angeles, CA  90022

---

**10. Other transfers**

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

**11. Closed financial accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

---

**15. Prior address of debtor**

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

---

**16. Spouses and Former Spouses**

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

None  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate
☑    the governmental unit to which the notice was sent and the date of the notice.

None  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor
☑    is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None  a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates
☑    of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole
      proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the
      commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately
      preceding the commencement of this case.

      *If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates
      of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately
      preceding the commencement of this case.

      *If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates
      of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately
      preceding the commencement of this case.

None  b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.
☑

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments
thereto and that they are true and correct.

Date: __August 31, 2010__           Signature  */s/ Daniel Hernandez*
                                     of Debtor                                    **Daniel Hernandez**

Date: __August 31, 2010__           Signature  */s/ Rosalie R Hernandez*
                                     of Joint Debtor                              **Rosalie R Hernandez**
                                     (if any)

                                     _____**0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE:**

Case No. <u>10-45576VK</u>

<u>Hernandez, Daniel & Hernandez, Rosalie R</u>

Chapter <u>13</u>

<div align="center">Debtor(s)</div>

## DECLARATION RE: LIMITED SCOPE OF APPEARANCE
## PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1

TO THE COURT, THE DEBTOR, THE TRUSTEE (if any), AND THE UNITED STATES TRUSTEE:

1. I am the attorney for the Debtor in the above-captioned case.

2. On (*specify date*) <u>4/19/2010</u>, I agreed with the Debtor that for a fee of $ <u>3,000.00</u>, I would provide only the following services:

   a. ☒ Prepare and file the Petition and Schedules

   b. ☒ Represent the Debtor at the 341(a) Hearing

   c. ☐ Represent the Debtor in any relief from stay actions

   d. ☐ Represent the Debtor in any proceeding involving an objection to Debtor's discharge pursuant to 11 U.S.C. § 727

   e. ☐ Represent the Debtor in any proceeding to determine whether a specific debt is nondischargeable under 11 U.S.C. § 523

   f. ☐ Other (specify):

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the following date at the city set forth below.

Dated: <u>August 31, 2010</u>

Law Firm: <u>**Law Offices of William A. Vallejos**</u>
<u>5430 E. Beverly Blvd.  Suite 150</u>
<u>Los Angeles, CA  90022</u>

I HEREBY APPROVE THE ABOVE:

By: <u>*/s/ William A. Vallejos*</u>

<u>*/s/ Daniel Hernandez*</u>
<u>*/s/ Rosalie R Hernandez*</u>
Signature of Debtor(s)

Name: <u>**William A. Vallejos**</u>
Attorney for Debtor

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE:                                                                  Case No. __10-45576VK__

__Hernandez, Daniel & Hernandez, Rosalie R__                            Chapter __13__
                                    Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within
    one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation
    of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ____3,000.00____

    Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ____3,000.00____

    Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____0.00____

2.  The source of the compensation paid to me was:  ☑ Debtor  ☐ Other (specify):

3.  The source of compensation to be paid to me is:  ☐ Debtor  ☐ Other (specify):

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement,
       together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
    e.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy
proceeding.

__August 31, 2010__                     _/s/ William A. Vallejos_
          Date                          William A. Vallejos 140110
                                        Law Offices of William A. Vallejos
                                        5430 E. Beverly Blvd.  Suite 150
                                        Los Angeles, CA  90022
                                        (323) 725-1080  Fax: 1(800) 708-9542
                                        william@vallejoslaw.com

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re<br>**Hernandez, Daniel & Hernandez, Rosalie R** | CHAPTER:**13** |
| Debtor(s). | CASE NO.: **10-45576VK** |

# DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
## PURSUANT TO 11 U.S.C. § 521(a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to one of the following statements:

I, **Hernandez, Daniel** _____ , the debtor in this case, declare under penalty
    *(Print Name of Debtor)*
of perjury under the laws of the United States of America that:

☑ I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the
60-day period prior to the date of the filing of my bankruptcy petition.
*(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

☐ I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received
no payment from any other employer.

☐ I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

I, **Hernandez, Rosalie R** _____ , the debtor in this case, declare under penalty
    *(Print Name of Joint Debtor, if any)*
of perjury under the laws of the United States of America that:

☑ I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the
60-day period prior to the date of the filing of my bankruptcy petition.
*(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

☐ I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received
no payment from any other employer.

☐ I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

Date: **August 31, 2010**      Signature */s/ Daniel Hernandez* _____
                                                                        *Debtor*

Date: **August 31, 2010**      Signature */s/ Rosalie R Hernandez* _____
                                                                  *Joint Debtor (if any)*

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

According to the calculations required by this statement:

☑ The applicable commitment period is 3 years.
☐ The applicable commitment period is 5 years.
☐ Disposable income is determined under § 1325(b)(3).
☑ Disposable income is not determined under § 1325(b)(3).
(Check the boxes as directed in Lines 17 and 23 of this statement.)

In re: __Hernandez, Daniel & Hernandez, Rosalie R__
                    Debtor(s)

Case Number: __10-45576VK__
             (If known)

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| Part I. REPORT OF INCOME | | |
|---|---|---|
| **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed. <br> a. ☐ **Unmarried.** Complete only Column A ("Debtor's Income") for Lines 2-10. <br> b. ☑ **Married.** Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10. | | |
| **1** All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A** <br> Debtor's <br> Income | **Column B** <br> Spouse's <br> Income |
| **2** Gross wages, salary, tips, bonuses, overtime, commissions. | $ 3,627.00 | $ |
| **3** Income from the operation of a business, profession, or farm. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | |

| | | | |
|---|---|---|---|
| 3 | a. | Gross receipts | $ |
| | b. | Ordinary and necessary operating expenses | $ |
| | c. | Business income | Subtract Line b from Line a |

(Line 3 column totals: $    $ )

| Part | | |
|---|---|---|
| **4** Rent and other real property income. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | |

| | | | |
|---|---|---|---|
| 4 | a. | Gross receipts | $ |
| | b. | Ordinary and necessary operating expenses | $ |
| | c. | Rent and other real property income | Subtract Line b from Line a |

(Line 4 column totals: $    $ )

| | | | |
|---|---|---|---|
| **5** | Interest, dividends, and royalties. | $ | $ |
| **6** | Pension and retirement income. | $ | $ |
| **7** | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose. Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. | $ | $ |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | | | | |
|---|---|---|---|---|
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ _____    Spouse $ _____ | | $ | $ |
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.**<br><br>a. SDI For Daughter    $ 1,250.00<br>b.    $ | | $    1,250.00 | $ |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | | $    4,877.00 | $ |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | $ | 4,877.00 |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| | | | |
|---|---|---|---|
| 12 | Enter the amount from Line 11. | $ | 4,877.00 |
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents. Otherwise, enter zero.<br><br>a.    $<br>b.    $<br>c.    $<br>Total and enter on Line 13. | $ | 0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $ | 4,877.00 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $ | 58,524.00 |
| 16 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence: **California**    b. Enter debtor's household size: **4** | $ | 79,477.00 |
| 17 | Application of § 1325(b)(4). Check the applicable box and proceed as directed.<br><br>☑ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.<br><br>☐ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| | | | |
|---|---|---|---|
| 18 | Enter the amount from Line 11. | $ | 4,877.00 |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| 19 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | | |
|---|---|---|---|
| | a. | $ | |
| | b. | $ | |
| | c. | $ | |
| | Total and enter on Line 19. | | $ 0.00 |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | | $ 4,877.00 |
| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | | $ 58,524.00 |
| 22 | **Applicable median family income.** Enter the amount from Line 16. | | $ 79,477.00 |
| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>☑ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** | | |

## Part IV. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | $ |
|---|---|---|---|

| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 16b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | | |
|---|---|---|---|

| Household members under 65 years of age | | | Household members 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per member | | a2. | Allowance per member | |
| b1. | Number of members | | b2. | Number of members | |
| c1. | Subtotal | | c2. | Subtotal | $ |

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | | $ |
|---|---|---|---|

| 25B | Local Standards: housing and utilities; mortgage/rent expense. Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payment for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a |

$ (Line 25B)

| 26 | Local Standards: housing and utilities; adjustment. If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
|---|---|---|

| 27A | Local Standards: transportation; vehicle operation/public transportation expense. You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. | $ |
|---|---|---|
| | Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. | |
| | ☐ 0  ☐ 1  ☐ 2 or more. | |
| | If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |

| 27B | Local Standards: transportation; additional public transportation expense. If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 28 | Local Standards: transportation ownership/lease expense; Vehicle 1. Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) | | |
|---|---|---|---|
| | ☐ 1  ☐ 2 or more. | | |
| | Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. **Do not enter an amount less than zero.** | | |
| | a. | IRS Transportation Standards, Ownership Costs | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a |

$ (Line 28)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | | | |
|---|---|---|---|
| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.** | | |
| | a. | IRS Transportation Standards, Ownership Costs | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a | $ |
| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self-employment taxes, social-security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | | $ |
| 31 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | | $ |
| 32 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | | $ |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 49.** | | $ |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | | $ |
| 35 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | | $ |
| 36 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | | $ |
| 37 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service—such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | | $ |
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | | $ |

B22C (Official Form 22C) (Chapter 13) (04/10)

| | **Subpart B: Additional Expense Deductions under § 707(b)** <br> Note: Do not include any expenses that you have listed in Lines 24-37 | | |
|---|---|---|---|
| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | |
| | a. Health Insurance | $ | |
| | b. Disability Insurance | $ | |
| | c. Health Savings Account | $ | |
| | Total and enter on Line 39 | | $ |
| | **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: <br><br> $ _____ | | |
| 40 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | | $ |
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | | $ |
| 42 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | | $ |
| 43 | **Education expenses for dependent children under 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | | $ |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | | $ |
| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | | $ |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | | $ |

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## Subpart C: Deductions for Debt Payment

| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | | | | |
|---|---|---|---|---|---|
| | | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
| | a. | | | $ | ☐ yes ☐ no |
| | b. | | | $ | ☐ yes ☐ no |
| | c. | | | $ | ☐ yes ☐ no |
| | | | Total: Add lines a, b and c. | | $ |

| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | | |
|---|---|---|---|---|
| | | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
| | a. | | | $ |
| | b. | | | $ |
| | c. | | | $ |
| | | | Total: Add lines a, b and c. | $ |

| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $ |
|---|---|---|

| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | |
|---|---|---|---|
| | a. | Projected average monthly Chapter 13 plan payment. | $ |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | X |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $ |

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ |
|---|---|---|

### Subpart D: Total Deductions from Income

| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $ |
|---|---|---|

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)

| | | |
|---|---|---|
| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ |
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ |
| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ |

| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expenses necessary and reasonable. | | |
|---|---|---|---|
| | **Nature of special circumstances** | **Amount of expense** | |
| | a. | $ | |
| | b. | $ | |
| | c. | $ | |
| | | Total: Add Lines a, b, and c | $ |

| | | |
|---|---|---|
| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ |
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ |

## Part VI. ADDITIONAL EXPENSE CLAIMS

| 59 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |
|---|---|---|
| | **Expense Description** | **Monthly Amount** |
| | a. | $ |
| | b. | $ |
| | c. | $ |
| | Total: Add Lines a, b and c | $ |

## Part VII. VERIFICATION

| 60 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)* |
|---|---|
| | Date: <u>August 31, 2010</u>     Signature: */s/ Daniel Hernandez* |
| | (Debtor) |
| | Date: <u>August 31, 2010</u>     Signature: */s/ Rosalie R Hernandez* |
| | (Joint Debtor, if any) |

<table>
<tr><td>
Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br>
William A. Vallejos 140110<br>
Law Offices of William A. Vallejos<br>
5430 E. Beverly Blvd.  Suite 150<br>
Los Angeles, CA  90022<br>
(323) 725-1080<br>
1(800) 708-9542<br><br>
☐ Attorney for
</td><td>FOR COURT USE ONLY</td></tr>
</table>

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | CHAPTER 13<br>CASE NUMBER 10-45576VK |
| In re:<br><br>Hernandez, Daniel & Hernandez, Rosalie R<br><br><br><div align="right">Debtor(s).</div> | **RIGHTS AND RESPONSIBILITIES**<br>**AGREEMENT BETWEEN**<br>**CHAPTER 13 DEBTORS**<br>**AND THEIR ATTORNEYS** |

It is important for Debtors who file a chapter 13 bankruptcy case to understand their rights and responsibilities. It is also important for Debtors to know what their attorneys' responsibilities are and to communicate carefully with their attorneys to make the case successful. Debtors also are entitled to expect certain services to be performed by their attorneys. In order to assure that Debtors and their attorneys understand their rights and responsibilities in the bankruptcy process, the following rights and responsibilities have been adopted by the court. The signatures below indicate that the responsibilities outlined in the agreement have been accepted by the Debtors and their attorneys. Nothing in this agreement is intended to modify, enlarge or abridge the rights and responsibilities of a "debt relief agency," as that term is defined and used in 11 U.S.C. § 101, et. seq.

Any attorney retained to represent a Debtor in a chapter 13 case is responsible for representing the Debtor on all matters arising in the case, other than adversary proceedings, unless otherwise ordered by the court. The attorney may not withdraw absent a consensual withdrawal or substitution of counsel or approval by the court of a motion for withdrawal or substitution of counsel considered after notice and a hearing. When appropriate, the attorney may apply to the court for compensation additional to the maximum initial fees set forth below in this agreement.

**BEFORE THE CASE IS FILED, THE DEBTOR AGREES TO:**

1. Discuss with the attorney the Debtor's objectives in filing the case.

2. Timely provide the attorney with accurate information, financial and otherwise.

3. Timely provide the attorney with all documentation requested by the attorney, including but not limited to, true and correct copies of the following documents*:

   a. Certificate of Credit Counseling, together with the debt repayment plan, if any, prepared by the nonprofit budget and credit counseling agency that provided individual counseling services to the debtor prior to bankruptcy.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                    **F 3015-1.7**

| In re:                                      | CHAPTER 13                          |
|---------------------------------------------|-------------------------------------|
| Hernandez, Daniel & Hernandez, Rosalie R    |                                     |
|                                  Debtor(s). | CASE NUMBER 10-45576VK              |

b. Proof of income from all sources received during the period of 7 months before the date of the filing of the petition, including but not limited to paycheck stubs, Social Security statements, worker's compensation, rental, pension, disability, and self-employment income, and other payment advices. For businesses, the Debtor should provide report(s) disclosing monthly income and expenses for the period of 6 months before the date of the filing of the petition.

c. Proof of ability to pay from any person contributing income to the case.

d. Federal and state income tax returns, or transcripts of such returns, for the most recent tax year ending immediately before the commencement of the case.

e. Proof of the debtor's identity, including a driver's license, passport, or other document containing a photograph of the debtor.

f. A record of the debtor's interest, if any, in an educational individual retirement account or under a qualified State tuition program.

g. The name, address and telephone number of any person or state agency to whom the Debtor owes back child or spousal support, the name, address and telephone number of any person or state agency to whom the Debtor makes current child or spousal support payments and all supporting documents for the child or spousal support payments. Examples of supporting documents are a court order, declaration of voluntary support payments, separation agreement, divorce decree and a property settlement agreement.

h. Insurance policies owned by the debtor, including homeowner's insurance, business insurance, automobile insurance, fire insurance, flood insurance, earthquake insurance, and credit life insurance.

\* All documents submitted to the attorney must be copies as the documents will not be returned to the Debtor.

**AFTER THE CASE IS FILED, THE DEBTOR AGREES TO:**

1. Timely make the required monthly payments.

2. Comply with the chapter 13 rules and procedures.

3. Keep the chapter 13 trustee and attorney informed of the Debtor's current address and telephone number, and the Debtor's employment status.

4. Sign a payroll deduction order, if one is required.

5. Inform the attorney of any change in the Debtor's marital status, the commencement of any child support or spousal support obligation, or a change in any existing child support or spousal support obligation.

6. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                            F 3015-1.7

| In re: | | CHAPTER 13 |
|---|---|---|
| Hernandez, Daniel & Hernandez, Rosalie R | | |
| | Debtor(s). | CASE NUMBER 10-45576VK |

7. Contact the attorney promptly if the Debtor loses his or her job, encounters other new or unexpected financial problems, if the Debtor's income increases, or if the Debtor receives, or learns of the right to receive, money or other proceeds of an inheritance or legal action.

8. Timely inform the attorney of any change in a creditor's address or payment amount.

9. Keep records of all mortgage, vehicle and personal property payments made to all secured creditors during the case.

10. Provide the attorney with any federal tax returns or transcripts requested pursuant to 11 U.S.C. § 521(f).

11. Contact the attorney promptly if the Debtor is sued during the case or if the Debtor commences a lawsuit or intends to settle any dispute.

12. Inform the attorney if any tax refunds to which the Debtor is entitled are seized or not received when expected by the Debtor from the IRS or Franchise Tax Board.

13. Contact the attorney promptly before buying, refinancing, or selling real property, and before incurring substantial additional debt.

14. Pay directly to the attorney any filing fees.

## BEFORE THE CASE IS FILED, THE ATTORNEY AGREES TO PROVIDE AT LEAST THE FOLLOWING LEGAL SERVICES:

As used herein, the term "Personally" means that the described service shall be performed only by an attorney who is a member in good standing of the State Bar of California and admitted to practice before this court. The service shall not be performed by a non-attorney even if such individual is employed by the attorney and under the direct supervision and control of such attorney.

1. **Personally meet with the Debtor to review the Debtor's assets, liabilities, income, and expenses.**

2. **Personally counsel the Debtor regarding the advisability of filing either a chapter 13 or a chapter 7 case, discuss both procedures with the Debtor, and answer the Debtor's questions.**

3. **Personally review with the Debtor the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later.**

4. **Personally explain to the Debtor that the attorney is being engaged to represent the Debtor on all matters arising in the case, as required by Local Bankruptcy Rule 3015-1(t).**

5. **Personally explain to the Debtor how and when the attorney's fees and the trustee's fees are determined and paid, and provide an executed copy of this document to the Debtor.**

6. **Timely prepare and file the Debtor's petition, plan, statements, schedules, and required documents and certificates.**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 3015-1.7

| In re: | CHAPTER 13 |
|---|---|
| Hernandez, Daniel & Hernandez, Rosalie R | |
| Debtor(s). | CASE NUMBER 10-45576VK |

7. **Explain which payments must be made directly to creditors by the Debtor and which payments will be made through the Debtor's chapter 13 plan, with particular attention to mortgage and vehicle loan or lease payments.**

8. **Explain to the Debtor how, when, and where to make the chapter 13 plan payments.**

9. **Explain to the Debtor how, when, and where to make postpetition mortgage, mobile home, manufactured home, and vehicle loan and lease payments.**

10. **Advise the Debtor of the necessity to maintain appropriate insurance, including homeowner's insurance and liability, collision and comprehensive insurance on vehicles securing loans or leases.**

**AFTER THE CASE IS FILED, THE ATTORNEY AGREES TO PROVIDE AT LEAST THE FOLLOWING LEGAL SERVICES:**

1. **Advise the Debtor of the requirement to attend the § 341(a) meeting of creditors, and instruct the Debtor as to the date, time, and place of the meeting. In the case of a joint filing, inform the Debtor that both spouses must appear.**

2. **Inform the Debtor that the Debtor must be punctual for the § 341(a) meeting of creditors. "Punctual" means that the attorney and the debtor(s) must be present in time for check-in. After checking in, if the attorney finds it necessary to request second call, the attorney and the debtor(s) must be present for examination before the end of the calendar.**

3. **Attend the § 341(a) meetings and any court hearing, either personally or through another attorney from the attorney's firm or through an appearance attorney who has been adequately briefed on the case.**

4. **Advise the Debtor if an appearance attorney will appear on the Debtor's behalf at the § 341(a) meeting or any court hearing, and explain to the Debtor in advance, if possible, the role and identity of the appearance attorney. In any event, the attorney is responsible to prepare adequately the appearance attorney in a timely fashion and to furnish the appearance attorney with all necessary documents, hearing notes, and other necessary information in sufficient time to allow for review of such information and proper representation of the Debtor.**

5. **Timely serve the plan and mandatory notice on all creditors.**

6. **Timely submit to the chapter 13 trustee properly documented proof of all sources of income for the Debtor, including business reports and supporting documentation required by Local Bankruptcy Rules.**

7. **Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.**

8. **Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the Debtor.**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 3015-1.7

| In re: | CHAPTER 13 |
|---|---|
| Hernandez, Daniel & Hernandez, Rosalie R | |
| Debtor(s). | CASE NUMBER 10-45576VK |

9. **Monitor all incoming case information throughout the case (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and the chapter 13 trustee's status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.**

10. **Review the claims register and the chapter 13 trustee's notice of intent to pay claims after entry of a plan confirmation order.**

11. File objections to improper or invalid claims, when appropriate.

12. Prepare and file a proof of claim, when appropriate, if a creditor fails to do so.

13. Prepare, file, and serve timely motions to modify the plan after confirmation, when necessary.

14. Prepare, file, and serve motions to buy, sell, or refinance real or other property, when appropriate.

15. Prepare, file, and serve any other motion that may be necessary to appropriately represent the Debtor in the case, including but not limited to, motions to impose or extend the automatic stay.

16. Timely respond to all motions filed by the chapter 13 trustee, and represent the Debtor in response to all other motions filed in the case, including but not limited to, motions for relief from stay.

17. When appropriate, prepare, file, and serve motions to avoid liens on real or personal property, and motions to value the collateral of secured creditors.

18. Be available to respond to the Debtor's questions throughout the term of the plan, and provide such other legal services as are necessary for the administration of the case before the bankruptcy court.

19. Represent the Debtor at a discharge hearing, if required.

20. If not representing the Debtor in adversary proceedings, assist the Debtor in obtaining competent counsel to represent the Debtor in any adversary proceeding filed in the case.

## ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES *AND COSTS*:

The guidelines in this district for payment of costs incurred in performing the services described in bold face type in this agreement ("Included Costs") and attorneys' fees in chapter 13 cases without a detailed fee application provide for the following maximum Included Costs and fees for the services described in this agreement in bold face type (that is, the services described on pages 3 through 5 of this agreement): $4,500 (excluding the petition filing fee) in cases where the Debtor is engaged in a business; or $4,000 (excluding the petition filing fee) in all other cases. In this case, the parties agree that the Included Costs (excluding the petition filing fee) and fee for the services described in bold face type in this agreement will be $ 3,000.00.

Other than the initial retainer, the attorney may not receive fees directly from the Debtor prior to confirmation. All other fees due through confirmation shall be paid through the plan unless otherwise ordered by the court.

If the attorney performs tasks on behalf of the Debtor not set forth in bold face, the attorney may apply to the court for additional fees and costs, but such applications will be reviewed by both the chapter 13 trustee and the court.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 3015-1.7

| In re:<br>Hernandez, Daniel & Hernandez, Rosalie R | CHAPTER 13 |
|---|---|
| Debtor(s). | CASE NUMBER 10-45576VK |

The attorney agrees to charge for such additional services at the rate of $ _____ per hour. The attorney agrees to give the Debtor written notice of any change in the hourly rate prior to rendering additional services. Alternatively, the attorney may charge a reasonable flat fee for some specified service(s). In either event, the attorney shall disclose to the court in the fee application any fees paid or costs reimbursed by the Debtor and the source of those payments. The attorney may receive fees for such additional services directly from the Debtor. Any fees received directly from the Debtor will be deposited in the attorney's trust account until a fee application is approved by the court.

If the Debtor disputes the legal services provided or the fees or costs charged by the attorney, the Debtor may file an objection with the court and request a hearing. Should the representation of the Debtor create a hardship, the attorney may seek a court order allowing the attorney to withdraw from the case. The Debtor may discharge the attorney at any time.

Debtor's Signature. The Debtor's signature below certifies that the Debtor has read, understands and agrees to the best of his or her ability to carry out the terms of this agreement, agrees to the scope of this agreement, and has received a signed copy of this agreement.

Attorney's Signature. The attorney's signature below certifies that before the case was filed the attorney personally met with, counseled, and explained the foregoing matters to the Debtor and verified the number and status of any prior bankruptcy case(s) filed by the Debtor or any related entity, as set forth in Local Bankruptcy Rule 1015-2. This agreement does not constitute the written fee agreement contemplated by the California Business & Professions Code.

| | |
|---|---|
| /s/ Daniel Hernandez | August 31, 2010 |
| Debtor | Date |
| /s/ Rosalie R Hernandez | August 31, 2010 |
| Debtor | Date |
| /s/ William A. Vallejos | August 31, 2010 |
| Attorney | Date |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 3015-1.7

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number    FOR COURT USE ONLY

Law Offices of William A. Vallejos
5430 E. Beverly Blvd. Suite 150
Los Angeles CA 90022
323-725-1080 Fax800-708-6552

☒ Attorney for
☐ Pro Se Debtor

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | CHAPTER 13 |
| --- | --- |
| | CASE NUMBER   10-bk-45576-VK |

In re

Daniel Hernandez
Rosalie Hernandez

**DECLARATION RE TAX RETURNS
(PRECONFIRMATION)**

**Confirmation Hearing set for:**

July 1, 2010

Debtor(s).

*In a joint case, each debtor must file a separate form. This declaration must be filed with the court and served on the Chapter 13 trustee not later than 10 days before the date on which the meeting of creditors pursuant to 11 U.S.C. § 341(a) is first scheduled. Check the appropriate boxes.*

I, __Daniel Hernandez & Rosalie R. Hernandez_____ *(Debtor's name),* hereby declare:

☒   I have filed all tax returns required to be filed with federal, state, or local taxing authorities for all taxable periods ending during the 4 year period ending on the date of the filing of the petition, as required by 11 U.S.C. § 1308.

☐   I have NOT filed all tax returns required to be filed with federal, state, or local taxing authorities for all taxable periods ending during the 4 year period ending on the date of the filing of the petition, as required by 11 U.S.C. § 1308. I have not filed the following return(s) for the following years:[1]

| Year | Taxing Authority (federal, state, or local) | Proposed Date for Filing Return |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

☐   I am not required to file federal, state, or local tax returns because: _____

_____

I declare under penalty of perjury that the foregoing is true and correct:

Dated: __August 31, 2010_____        _Daniel Hernandez_
                                        Debtor    _Rosalie Hernandez_

_____

[1] Attach additional pages as necessary.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

October 2005                                                                    F 3015-1.9

February 2006                                                2006 USBC Central District of California

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re<br>Hernandez, Daniel & Hernandez, Rosalie R | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NO.: 10-bk-45576-VK |

# DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
## PURSUANT TO 11 U.S.C. § 521(a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to one of the following statements:

I, **Hernandez, Daniel**_____, the debtor in this case, declare under penalty
   *(Print Name of Debtor)*
of perjury under the laws of the United States of America that:

☑ I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the
   60-day period prior to the date of the filing of my bankruptcy petition.
   *(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

☐ I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received
   no payment from any other employer.

☐ I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.


I, **Hernandez, Rosalie R**_____, the debtor in this case, declare under penalty
   *(Print Name of Joint Debtor, if any)*
of perjury under the laws of the United States of America that:

☑ I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the
   60-day period prior to the date of the filing of my bankruptcy petition.
   *(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

☐ I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received
   no payment from any other employer.

☐ I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.


Date: _____     Signature

_____
                                                        Debtor

Date: _____     Signature

_____
                                                        Joint Debtor (if any)

© 1993-2010 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

# STATE OF CALIFORNIA

DIRECT DEPOSIT ADVICE

DIRECT DEPOSIT NUMBER
99718967

The amount printed on the face of this advice was transmitted to an account
at bank ⌊ 121000358 ⌋ from the IN-HOME SUPPORTIVE SERVICES (IHSS) ADV

HERNANDEZ, ROSALIE
16850 HOOVER ST
GARDENA, CA 90247

06 | 25 | 2010

DOLLARS | CENTS

$ *****783.00

NOT NEGOTIABLE

( 196987542L )
PAYEE IDENTIFICATION
NUMBER(S)



**JOHN CHIANG**
CALIFORNIA STATE CONTROLLER

↑ DETACH CHECK HERE
KEEP THIS STUB FOR YOUR RECORDS
Separe el cheque aquí
Guarde este talón para su archivo

When changing accounts or financial institutions, notify your retirement system or agency
accounting office immediately. Do not close your old account until you have received your
first payment in your new account.

RECIPIENT: 19-69875424

SANCHEZ                    MELISSA
16850 S HOOVER ST
GARDENA            CA    90247

PROVIDER: 153585

HERNANDEZ          ROSALIE
16850 HOOVER ST
GARDENA            CA    90247

FROM:  06/01/2010
TO:    06/15/2010   HOURS:    87.0

STATEMENT OF EARNINGS AND DEDUCTIONS

ISSUE DATE 06/25/2010

| | GROSS | CURRENT | YTD |
|---|---|---|---|
| | NET | | |
| | | 783.00 | 9228.60 |
| | | 783.00 | 9228.60 |

ARREARS

IHSS PROGRAM INFORMATION

CONTACT YOUR COUNTY OR PUBLIC AUTHORITY OFFICES TO BEGIN THE
PROVIDER ENROLLMENT PROCESS BEFORE 06/30/10.

Detach here and complete for your next payment request

Separe aquí y complete para su siguiente solicitud de pago

**Sheffield Manufacturing Inc**
9131 Glenoaks Blvd.
Sun Valley, CA 91352

**Earnings Statement**

| | |
|---|---|
| Check Date: | July 16, 2010 |
| Period Beginning: | June 28, 2010 |
| Period Ending: | July 11, 2010 |

**Daniel Hernandez**

Employee Number   821

| | | |
|---|---|---|
| Division | 3 | |
| Department | 3 | |

| | |
|---|---|
| Check Number | 13645 |
| Net Pay | 1,319.35 |
| Check Amount | 1,319.35 |

| Earnings | Rate | Hours | Amount | YTD Hrs | YTD Amt |
|---|---|---|---|---|---|
| Regular | 20.00 | 63.95 | 1279.00 | 1100.80 | 22016.00 |
| OT | 30.00 | 8.46 | 253.80 | 20.78 | 623.40 |
| Vacation | 20.00 | 8.00 | 160.00 | 71.00 | 1420.00 |
| Holiday | 20.00 | 8.00 | 160.00 | 32.00 | 640.00 |
| Bonus | | | | 32.00 | 640.00 |
| Total Gross Pay | | 88.41 | 1852.80 | 1256.58 | 25339.40 |

| Taxes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| Medicare. | | 1611.32 | 23.36 | 318.40 |
| OASDI | | 1611.32 | 99.90 | 1361.44 |
| CA SDI - Employee | | 1611.32 | 17.73 | 241.55 |
| Federal Income Tax | M/I | 1611.32 | 120.64 | 1371.02 |
| California SITW | M/I | 1611.32 | 30.34 | 337.81 |
| Total Tax Withholding | | | 291.97 | 3630.22 |

**Direct Deposits**
No Direct Deposits

| Account | Amount |
|---|---|

| Deductions | Amount | YTD Amt |
|---|---|---|
| Dental 125 | 13.57 | 189.98 |
| Health 125 | 227.91 | 3190.74 |
| Total Deductions | 241.48 | 3380.72 |

| Benefits | Hours | Amount | YTD Hrs | YTD Amt |
|---|---|---|---|---|

**Accruals**

| | Hours |
|---|---|
| Vac2 | 17.94 |

**Sheffield Manufacturing Inc**
9131 Glenoaks Blvd.
Sun Valley, CA 91352

Earnings Statement

| | | | Check Date: | July 02, 2010 |
|---|---|---|---|---|
| | | | Period Beginning: | June 14, 2010 |
| | | | Period Ending: | June 27, 2010 |

**Daniel Hernandez**

Employee Number    821

| | | | Check Number | 13539 |
|---|---|---|---|---|
| Division | 3 | | Net Pay | 1,334.82 |
| Department | 3 | | Check Amount | 1,334.82 |

| Earnings | Rate | Hours | Amount | YTD Hrs | YTD Amt |
|---|---|---|---|---|---|
| Regular | 20.00 | 79.86 | 1597.20 | 1036.85 | 20737.00 |
| Bonus | | | | 32.00 | 640.00 |
| Holiday | | | | 24.00 | 480.00 |
| OT | | | | 12.32 | 369.60 |
| Vacation | | | | 63.00 | 1260.00 |
| **Total Gross Pay** | | 79.86 | 1597.20 | 1168.17 | 23,486.60 |

| Taxes | Status | Taxable | Amount | YTD Amt |
|---|---|---|---|---|
| Medicare | | 1355.72 | 19.66 | 295.04 |
| OASDI | | 1355.72 | 84.06 | 1261.54 |
| CA SDI - Employee | | 1355.72 | 14.91 | 223.82 |
| Federal Income Tax | M/1 | 1355.72 | 82.30 | 1250.38 |
| California SITW | M/1 | 1355.72 | 19.97 | 307.47 |
| **Total Tax Withholding** | | | 220.90 | 3338.25 |

**Direct Deposits**
No Direct Deposits

| | Account | Amount |
|---|---|---|

| Deductions | Amount | YTD Amt |
|---|---|---|
| Dental 125 | 13.57 | 176.41 |
| Health 125 | 22.91 | 2962.83 |
| **Total Deductions** | 241.48 | 3139.24 |

**Benefits**

| | Hours | Amount | YTD Hrs | YTD Amt |
|---|---|---|---|---|

| Accruals | Hours |
|---|---|
| Vac2 | 22.86 |

# STATE OF CALIFORNIA

DIRECT DEPOSIT NUMBER
99810655

DIRECT DEPOSIT ADVICE

The amount printed on the face of this advice was transmitted to an account
at bank [ 121000358 ] from the IN-HOME SUPPORTIVE SERVICES (IHSS) ADV

HERNANDEZ, ROSALIE
16850 HOOVER ST
GARDENA, CA 90247

| | 07 | 12 | 2010 |
|---|---|---|---|
| $ | ****724 | 44 | |
| | DOLLARS | CENTS | |

NOT NEGOTIABLE

[ 196987542 ]
PAYEE IDENTIFICATION
NUMBER(S)

JOHN CHIANG
CALIFORNIA STATE CONTROLLER

When changing accounts or financial institutions, notify your retirement system or agency
accounting office immediately. Do not close the account until you have received your
first payment in your new account.

↑ DETACH CHECK HERE
KEEP THIS STUB FOR YOUR RECORDS
Separe el cheque aquí
Guarde este talón para su archivo

STATEMENT OF EARNINGS AND DEDUCTIONS
ISSUE DATE 07/12/2010

RECIPIENT: 19-69875424
SANCHEZ
MELISSA
16850 S HOOVER ST
GARDENA                      CA    90247

PROVIDER: 153585
HERNANDEZ    ROSALIE
16850 HOOVER ST
GARDENA              CA    90247

FROM: 06/16/2010
TO:   06/30/2010    HOURS:    83.9

IHSS PROGRAM INFORMATION

| | GROSS | NET | CURRENT | YTD |
|---|---|---|---|---|
| | | | 755.10 | 9983.70 |
| | | | 724.44 | 9983.70 |
| DUES | | | 30.66 | |
| | | | | ARREARS |



# STATE OF CALIFORNIA

DIRECT DEPOSIT NUMBER

DIRECT DEPOSIT ADVICE

*The amount printed on the face of this advice was transmitted to an account at bank* ⌊ 121000358 ⌋ *from the* IN-HOME SUPPORTIVE SERVICES (IHSS) ADV

08 | 06 | 2010

HERNANDEZ, ROSALIE
16850 HOOVER ST
GARDENA, CA 90247

| DOLLARS | CENTS |
|---------|-------|

$ *****733 ¦ 44

**NOT NEGOTIABLE**

⌊ 1969875424 ⌋
PAYEE IDENTIFICATION
NUMBER(S)



When changing accounts or financial institutions, notify your retirement system or agency accounting office immediately. Do not close your old account until you have received your first payment in your new account.

**JOHN CHIANG**
CALIFORNIA STATE CONTROLLER

↑ DETACH CHECK HERE
KEEP THIS STUB FOR YOUR RECORDS
Separe el cheque aqui
Guarde este talón para su archivo

STATEMENT OF EARNINGS AND DEDUCTIONS
ISSUE DATE 08/06/2010

|                              |          | CURRENT  | YTD       |
|------------------------------|----------|----------|-----------|
| RECIPIENT: 19-69875424       | GROSS    | 764.10   | 11521.80  |
| SANCHEZ          MELISSA     | NET      | 733.44   | 11521.80  |
| 16850 S HOOVER ST            |          |          |           |
| GARDENA          CA    90247 |          |          |           |
| PROVIDER: 153585             |          |          |           |
| HERNANDEZ        ROSALIE     |          |          |           |
| 16850 HOOVER ST              |          |          |           |
| GARDENA          CA    90247 | DUES     | 30.66    |           |
| FROM:  07/16/2010            |          |          |           |
| TO:    07/31/2010   HOURS:   84.9 |     |          |           |
| IHSS PROGRAM INFORMATION     |          |          |           |
|                              |          |          | ARREARS   |

Detach here and complete for your next payment request          Separe aqui y complete para su siguiente solicitud de pago



# STATE OF CALIFORNIA

99880219

*The amount printed on the face of this advice was transmitted to an account at bank* ⌐ 121000358 ⌐ *from the* IN-HOME SUPPORTIVE SERVICES (IHSS) ADV

07 |22| 2010

|  | DOLLARS | CENTS |
|---|---|---|
| $ | ✱✱✱✱✱774 | 00 |

HERNANDEZ, ROSALIE
16850 HOOVER ST
GARDENA, CA 90247

**NOT NEGOTIABLE**

⌐1969875424⌐
PAYEE IDENTIFICATION
NUMBER(S)

When changing accounts or financial institutions, notify your retirement system or agency accounting office immediately. Do not close your old account until you have received your first payment in your new account.



**JOHN CHIANG**
CALIFORNIA STATE CONTROLLER

↑ DETACH CHECK HERE
KEEP THIS STUB FOR YOUR RECORDS
Separe el cheque aqui
Guarde este talón para su archivo

STATEMENT OF EARNINGS AND DEDUCTIONS
ISSUE DATE 07/22/2010

|  | CURRENT | YTD |
|---|---|---|
| RECIPIENT: 19-69875424 |  |  |
| SANCHEZ        MELISSA | GROSS  774.00 | 10757.70 |
| 16850 S HOOVER ST | NET    774.00 | 10757.70 |
| GARDENA             CA  90247 |  |  |

PROVIDER: 153585
HERNANDEZ        ROSALIE
16850 HOOVER ST
GARDENA             CA  90247

FROM:  07/01/2010
TO:    07/15/2010   HOURS:    86.0

IHSS PROGRAM INFORMATION

ARREARS

Detach here and complete for your next payment request | Separe aqui y complete para su siguiente solicitud de pago

9131 Glenoaks Blvd.
Sun Valley, CA 91352

| | | | | | Check Date: | August 13, 2010 |
| | | | | | Period Beginning: | July 26, 2010 |
| | | | | | Period Ending: | August 08, 2010 |

**Daniel Hernandez**    Employee Number    821

| | | | | | Division | 3 | Check Number | 13846 |
| | | | | | Department | 3 | Net Pay | 1,209.93 |
| | | | | | | | Check Amount | 1,209.93 |

| Earnings | Rate | Hours | Amount | YTD Hrs | YTD Amt |
|----------|------|-------|--------|---------|---------|
| Regular | 22.00 | 71.90 | 1581.80 | 1252.70 | 25357.80 |
| OT | 33.00 | 3.58 | 118.14 | 25.78 | 788.40 |
| Bonus | | | | 32.00 | 640.00 |
| Holiday | | | | 32.00 | 640.00 |
| Vacation | | | | 71.00 | 1420.00 |
| **Total Gross Pay** | | 75.48 | 1699.94 | 1413.48 | 28846.20 |

| Taxes | Status | Taxable Amount | Amount | YTD Amt |
|-------|--------|----------------|--------|---------|
| Medicare | | 1458.46 | 21.15 | 365.75 |
| OASDI | | 1458.46 | 90.43 | 1563.89 |
| CA SDI - Employee | | 1458.46 | 16.04 | 277.46 |
| Federal Income Tax | M/1 | 1458.46 | 97.71 | 1618.70 |
| California SITW | M/1 | 1458.46 | 23.20 | 400.49 |
| **Total Tax Withholding** | | | 248.53 | 4226.29 |

| Deductions | Amount | YTD Amt |
|------------|--------|---------|
| Dental 125 | 11.57 | 203.55 |
| Health 125 | 227.91 | 3418.65 |
| **Total Deductions** | 241.48 | 3622.20 |

**Direct Deposits**    Account    Amount
No Direct Deposits

**Benefits**    Hours    Amount    YTD Hrs    YTD Amt

| Accruals | Hours |
|----------|-------|
| Vac2 | 24.09 |